# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SAYONARA HART        CIVIL ACTION

VERSUS           NO. 17-6887

SOCIAL SECURITY ADMINISTRATION   SECTION "G" (3)

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss. [Doc. #15]. Plaintiff has filed no opposition to the motion in accordance with the local rules of this Court, but she has filed a Motion for Summary Judgment [Doc. #14], which, given that plaintiff proceeds *pro se*, the Court will construe as a response to the motion to dismiss. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's motion to dismiss be GRANTED, and plaintiff's case be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner that defendant overpaid her Title II benefits during the months of April, June, July, October, November, and December 2012 and January through May 2013.

Defendant awarded plaintiff Title II disability insurance benefits effective May 2010. (Adm. Rec. at 7, 220). After obtaining additional information about plaintiff's work and earnings, defendant notified plaintiff that her nine-month trial work period ended in November 2011. (*Id.* at 220); *see* 20 C.F.R. § 404.1592. Beginning in December 2011, she received a 36-month re-entitlement period or an extended period of eligibility ("EPE") that began after her trial work period ended. (Adm. Rec. at 220). An EPE is a 36-month period during which the defendant restarts payments for any month(s) that a claimant's work is not substantial and if her health

problems still meet the rules. *See* 20 C.F.R. § 404.1592a.

Plaintiff engaged in substantial gainful activity in December 2011, and defendant ceased benefits. (*Id.* at 124-125, 220). An EPE reinstatement was then allowed in January 2012, and then an EPE suspension was imposed in February 2012. (*Id.* at 124, 220). Thus transpired a series of EPE suspensions and EPE reinstatements. (*Id.* at 123, 220). In any month when plaintiff engaged in substantial gainful activity during the EPE, benefits were suspended and in any month in which she did not engage in substantial gainful activity, benefits were reinstated. (*Id.* at 72, 123-125, 220). Defendant informed plaintiff on August 27, 2014 that her request for review of the prior determination, which had been reopened, constituted a request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 127, 221). The ALJ held a hearing on October 28, 2014. (*Id.* at 11-22, 221).

On December 17, 2014, the ALJ issued a decision in which he found that plaintiff was overpaid disability benefits in April, June, July, October, November, and December 2012, and January, February, March, April, and May 2013 because she performed substantial gainful activity during the EPE. (*Id.* at 222). The ALJ further held that the issue of fault was not before him and that plaintiff had the right to ask defendant for a waiver of the overpayment that occurred on her account. (*Id.* at 223-224).

On May 26, 2017, the Appeals Council granted plaintiff's request for review of the ALJ's decision. (Tr. 6-9). The Appeals Council found that the only issue properly before the ALJ was whether Plaintiff's disability had ceased due to work activity. (*Id.* at 7). The Appeals Council found that plaintiff's disability ceased in December 2011 after she completed her trial work period. (*Id.* at 8). The Appeals Council further found that plaintiff was overpaid $15,085.90 in disability benefits in April, June, July, October, November, and December 2012, and January through May

2013 due to engaging in substantial gainful activity during her EPE. (*Id.*). Finally, the Appeals Council found that plaintiff had informally requested a waiver of her overpayment in a remark dated April 25, 2014 and that the field office must consider this request before collecting any overpayment. (*Id.*). The Appeals Council advised plaintiff of her appeal rights as to their finding of an overpayment. (*Id.* at 3-4).

Plaintiff now purports to seek judicial review of the Appeals Council's decision pursuant to 42 U.S.C. § 405(g), but the Court finds that defendant is correct: Plaintiff actually seeks a waiver of the overpayment, an issue that is not properly before this Court.

## II.    STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the *Bell* standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To resolve a Rule 12(b)(6) motion, the Court is generally limited to considering only those

allegations appearing on the face of the complaint.   However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim."  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## III.    MOTION TO DISMISS

Before seeking judicial review of a case arising under the Social Security Act ("SSA" or "the Act"), it is well established that a claimant must first exhaust all available administrative remedies. *See* 42 U.S.C. § 405(g). Congress has explicitly stated that, in claims arising under the SSA, judicial review is permitted only in accordance with Section 405(g). *See* 42 U.S.C. § 405(g)-(h). It is well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Moreover, when a right, such as the right to sue the federal government, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. *See United States v. Babcock*, 250 U.S. 328, 331 (1919). Further, Congress has authorized judicial review only of a "final decision" of the Commissioner of Social Security made after a hearing. 42 U.S.C. § 405(g). As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

The Court finds that defendant is correct in that plaintiff appears to ask this Court for a

waiver of the overpayment. [Doc. #14 at pp. 4-6]. In fact, she explicitly states, "I should not be the one to bear the burden of this repayment."    [*Id.* at p. 5]. Under certain circumstances, the Commissioner may waive an overpayment. See 20 C.F.R. § 404.506. However, as the ALJ noted, plaintiff has not formally sought a waiver of the overpayment. (Adm. Rec. at 224). The Appeals Council observed that plaintiff may have informally requested a waiver, but there had not been any final decision on the informal request. (*Id.* at 8). The only final decision of defendant that is ripe for judicial review is the existence of the overpayment itself, which plaintiff apparently does not contest. The Court thus finds that any complaint concerning a waiver of the overpayment is premature. Accordingly, plaintiff has not received a "final decision" from defendant before filing this civil action to seek waiver of the overpayment, and the Court finds that the complaint should be dismissed for lack of subject matter jurisdiction. *See Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984) (finding dismissal appropriate because of plaintiff's failure to exhaust administrative remedies).

## VII.    CONCLUSION

Accordingly, for the reasons outlined above,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's motion to dismiss be GRANTED, and plaintiff's case be DISMISSED WITHOUT PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error.    *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of March, 2018.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**